IN RE SMITH

CAUSE NO. 06F0743-005/06F0744-005

V

06-15-223

RECEIVED IN
The Court of Appeals
Sixth District
DEC 1 4 2015
Texarkana, Texas
Debra Autrey, Clerk

BILLY FOX BRANSON

IN THE 102nd Judicial Court OF BOWIE COUNTY TEXAS

## WRIT OF MANDAMUS

Petitioner LEE VERT SMITH, ("Petitioner") moves this Court to grant this WRIT OF MANDAMUS, for the reason that there is Substantial Controversy as material facts which will entitle petitioner to relief as a matter of law.

The Court of Appeals
Sixth District
DEC 1 5 2015
Texarkana, Texas
Debra K. Autrey, Clerk

## JURISDICTION

Petitioner seeks MANDAMUS relief in this Court pursuant to Article TEXAS GOVERNMENT Code Sec. 22.221 b1. This MANDAMUS is within this Court's Jurisdiction.

Petitioner filed this Motion for DNA testing pursuant to Article 64.01(c) on MAY 12, 2010. See Exhibit A. Which trial Court had a duty to rule on the Motion Within 90 days, Which has expired as of this date, and trial Court has not ruled on said motion.

Under 64.01, failure of the Court to act Within the Allowed 90 days shall Constitute a forwarding of petitioner's Motion for DNA testing. The ruling on this Motion is a Procedural Matter that "shall" be done by the Court.

IN petitioner's case Which has been before Bowie County Court for (5) years now, there is no other adequate remedy available for petitioner and ruling on Said Motion is an act to mandate as ministerial.

To obtain mandamus relief in a Criminal matter, a realtor must meet a two-part test. First, realtor must show he has no other adequate remedy to seek redress for the alleged error by the trial court. Board of Pardon and Paroles V. Court of Appeals, 910 S.W. 2d 481, 483 (Tex. Crim. App. 1995), Which realtor has no other remedies in this case for his motion for DNA testing to be heard by the Court of Criminal Appeals or Federal Courts because the State Court is holding Petitioner Motion for DNA testing and has not made a ruling, Second, the act realtor seeks to compel must be ministerial in nature.

Under Article 64.01, it is Ministerial for the Court to rule on the Motion so the Court of Appeals can consider Petitioner's Appeal. "Quoting State ExRel. Hilbig V. McDonald, 877 S.W. 2d 469" Moreover, a theoretically discretionary act may nonetheless become Ministerial in application if the Acts and Circumstances of a given case lead to but one rational Course of action. See Braxton V. Dunn, 803 S.W. 2d 318, 320. The Court of Criminal Appeals also recognizes a "Clear right to the relief sought" as being the functional equivalent of a ministerial act. Holmes V. Third Court of Appeals NO 71,764 N.4 Slip Op at 5, 1994 WL 135476, Tex. Crim. App. April 20, 1994; Whitsitt V. Ramsay, 719 S.W. 2d 333.

The realtor submits his Writ of MANDAMUS first to the Court of Appeals Under Padilla V. McDaniel 122 S.W. 3d 805, 808 (Tex. CR. APP 2003). Due to the Court of Appeals And the Court of Criminal Appeals both have Concurrent Jurisdiction in this original MANDAMUS Proceeding.

The realtor properly filed his initial Motion for DNA testing pursuant to Article 64.01(c) ON MAY 12, 2010 SEE EXHIBIT A. The trial Court Judge of the 102nd District Court in Bowie County Texas has held the realtors Motion in excess of (5) years with no disposition in the case.

This is a gross Violation of Due Process Under the 14th Amendment of the U.S. Constitution see White V. Reiter 640 S.W. 2d 586, 594, 596 (Tex Crim App 1982) (Fundamental Requirement of due process Mandate an opportunity to be heard). The realtor seeks relief Under IN RE Christensen 39 S.W. 3d 250 (Tex App Amarillo 2000) Citing Creel V. District Attorney of Medina County 818 S.W. 2d 45, 46 (Tex 1991) (A district Court May be Compelled Via MANDAMUS to Consider and rule on A pending Motion presented to the court).

The realtor seeks the Court of Appeals to order the Judge of 102nd District Court of Bowie County to perform his ministerial duty and rule on the realtors Motion for DNA testing.

## PRAYER

Petitioner as that this Court of Appeals order the trial Judge to make a ruling on Motion for DNA testing that is before the Court.

Respectfully Submitted

Lee Vert Smith

LEE VERT Smith

# UNSWORN DECLARATION

I, _LEE VERT SMITH_ , TDCJ NUMBER _1504044_

Being presently incarcerated in the _LYNAUGH_ , Unit of the Texas

Department of Criminal Justice, in _PECOS_ , County, Texas

Declare under penalty of perjury that I am the applicant in the above and foregoing

Motion. I have read said motion and the factual allegations of the same are true and

Correct.

Executed on this _10th_, day of _December_ ,20 _15_.

_Lee Vert Smith_

_____, **Movant, Pro Se**

EXHIBIT "A"

THE STATE OF TEXAS
V
LEE V. Smith
TDCJ# 1504044

FILED FOR RECORD
2010 MAY 17 PM 2:46
DISTRICT CLERK BONHAM TX
DEPUTY

IN THE District Court
____ Judicial District
____ County, Texas

<u>REQUEST FOR APPOINTMENT OF Counsel</u>
<u>PURSUANT TO ARTICLE 64, CODE OF CRIMINAL PROCEDURE</u>

TO THE HONORABLE JUDGE OF Said Court:
Comes now Defendant <u>LEE V. Smith</u> TDCJ
No. <u>1504044</u>, and requests appointment of Counsel to assist Defendant in obtaining an order for DNA testing from the Court Pursuant to Article 64.01(c), Code OF CRIMINAL PROCEDURE.

Defendant Wishes to Submit a motion Pursuant to Chapter 64 requesting DNA testing and Defendant is Indigent, An affidavit of indigency is attached and incorporated hereto as Exhibit "1".

Respectfully Submitted,

<u>Lee V. Smith</u>
NAME
Petitioner, Pro Se
TDCJ-ID#
Texas Department of Criminal Justice-Institutional Division
<u>John Wallace</u> Unit
<u>1675 S. FM 3525</u>
<u>Colorado City</u>, Texas <u>79512</u>

EXHIBIT "A"

No._____

THE STATE OF TEXAS

IN THE DISTRICT Court
___5th___ JUDICIAL DISTRICT
__BOWIE__, COUNTY, TEXAS

## ORDER APPOINTING ATTORNEY

Came on this day for Consideration, the Defendant's request for appointment of Counsel to assist him in obtaining DNA testing Pursuant to Article 64.01(c) CODE OF CRIMINAL PROCEDURE. THE COURT has reviewed the request and affidavit of indigency in this matter and it is hereby ORDERED that an attorney should be appointed to represent Defendant Pursuant to Article 64.01(c), C.C.P. Accordingly, the following attorney is hereby appointed and instructed to contact his/her client regarding this matter:

_____;

_____

It is further ordered that a copy of this Order shall be sent to the Defendant by the Clerk of this Court

_____
JUDGE PRESIDING

## INMATE UNSWORN DECLARATION

I, LEE V. SMITH, TDCJ # 1504044 being presently incarcerated in the TEXAS DEPARTMENT of CRIMINAL JUSTICE INSTITUTIONAL DIVISION AT the "80" JOHN WALLACE UNIT IN MITCHELL County, TEXAS At 1675 S.FM 3525. Colorado City, TEXAS 79512. Do Hereby Declare Under Penalty of PerJury that the foregoing Motion Requesting Appointment of Counsel Pursuant Tex. Code of Crim. Proc. ART 64. THE order And A Declaration of Inability to Pay Cost is true And correct According to my Knowledge.

_Lee Vell Smith_
LEE V. SMITH Pro Se

### Certificate OF SERVICE

I, LEE V. SMITH, TDCJ# 1504044, being presently incarcerated IN the TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION AT THE "80" JOHN WALLACE Unit IN Mitchell County, TEXAS At 1675 S.FM 3525, Colorado City, TEXAS 79512. Do hereby Certify that A True And Correct Copy of the foregoing Motion Requesting Appointment of Counsel Pursuant Tex. CODE. of Crim.Proc. ART 64. THE ORDER And A Declaration of Inability to Pay Cost Were Forwarded to THE BOWIE County TEXAS DISTRICT Clerk Billy Fox Branson At 710 JAMES Bowie DR, P.O. Box 248, IN NEW Boston, TEXAS 75570-0248

Submitted ON THE _12th_ DAY of _MAY_, 2010

_Lee V. Smith_
LEE V. Smith